**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-01632-CMA-BNB

MARK SMITH, individually and on behalf
of a class of others similarly situated,

    Plaintiffs,

 vs.

PIZZA HUT, INC.,

    Defendant.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO PIZZA HUT'S RULE 12 MOTION**

---

## I. OVERVIEW

In this case, the plaintiff pizza delivery drivers allege that defendant Pizza Hut ("Pizza Hut") is violating the minimum wage requirement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the minimum wage and expense reimbursement requirements of the Colorado Minimum Wage of Workers Act ("CMWWA"), C.R.S.A. § 8-6-101 *et seq.* Pizza Hut's delivery drivers incur automotive and other job-related expenses as a necessary part of performing their delivery obligations, but Pizza Hut fails to adequately reimburse them for these business expenses. Because Pizza Hut does not fully reimburse these job-related expenses, Pizza Hut is effectively paying its delivery drivers less than the required federal and/or state minimum wage. Plaintiffs seek to recover their unpaid minimum wages.

1

Pizza Hut argues that parts of the Complaint should be dismissed because: (1) Plaintiffs seek damages for violation of the FLSA's recordkeeping requirements, (2) Plaintiffs fail to plead sufficient facts supporting their claim for violation of the FLSA's recordkeeping requirements, (3) Plaintiffs fail to plead sufficient facts supporting their claim for failure to reimburse employees for uniform and special apparel purchases, laundering, cleaning and maintenance, and (4) Pizza Hut's required attire does not constitute a uniform.  None of these four arguments have any merit.

The first two purported bases for dismissal attack a claim that has not been pled Plaintiffs assert no separate claim for recordkeeping violations.  Rather, Plaintiffs allege that Pizza Hut violated the FLSA's record-keeping requirements to show that its failure to pay minimum wage is willful and because an employer's failure to keep accurate payroll records affects the burden of proving damages.  The third purported basis for dismissal, failure to plead sufficient facts to support Plaintiffs' claim for reimbursement of uniform and special apparel costs, must fail as sufficient facts have been pled.  Finally, Pizza Hut attempts to argue whether its required attire constitutes a uniform.  This is a question of fact not properly determined at the pleading stage.

## II.   FACTUAL BACKGROUND

Pizza Hut operates approximately 1,059 stores in the United States, including stores in Colorado. (Docket 1, Compl., ¶¶ 1, 7).  The company employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces. (*Id.* at ¶10).  Plaintiff Mark Smith and over twenty (20) opt in plaintiffs to date are, or were, employed by Pizza Hut as delivery drivers. (*Id.* at ¶ 8).

2

Pizza Hut requires its delivery drivers to maintain and pay for operable, safe and legally-compliant automobiles to use in delivering Pizza Hut's pizza and other food items, which includes purchasing gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance, and suffering automobile depreciation ("automobile expenses"), all for the primary benefit of Pizza Hut. (*Id.* at ¶¶ 13, 15).

In addition, Pizza Hut requires its delivery drivers to incur other job-related expenses, such as cellular telephones and cellular telephone services, uniform items including pants and shoes, cleaning and laundering services, and maps, flashlights and batteries, again all for the primary benefit of Pizza Hut. (*Id.* at ¶¶ 14-15).

Pizza Hut paid Plaintiffs and other delivery drivers an hourly wage at approximately the federal or state minimum plus a set amount for each delivery as a partial reimbursement for automobile expenses. (*Id.* at ¶ 16). The amount paid by Pizza Hut per delivery for automobile expenses is insufficient to reimburse delivery drivers for the actual automobile expenses incurred in delivering Pizza Hut's products. Further, Pizza Hut wholly fails to reimburse delivery drivers for their other job-related expenses incurred for the purpose of delivering Pizza Hut's pizza and other food items. (*Id.* at ¶18).

By incurring the automobile and other job-related expenses, Plaintiffs and other delivery drivers were deprived of the minimum wage guaranteed by the FLSA and the CMWWA. (*Id.* at ¶ 19). Pizza Hut's failure to pay the costs of purchases, maintenance and cleaning of uniforms and special apparel worn by the delivery drivers also violates the CMWWA. (*Id*. at ¶ 21). The net effect of Pizza Hut's policy and practice, instituted

and approved by company managers, is that Pizza Hut willfully fails to pay minimum wage in order to save payroll costs. Pizza Hut thereby enjoys ill-gained profits at the expense of its employees. (*Id.* at ¶ 23).

### III.   ARGUMENT

**A.   Standard Governing Motion to Dismiss**

Pizza Hut's motion ignores both the liberal notice pleading standard and the difficult legal standard that must be met before a motion to dismiss can be granted. "A motion to dismiss for failure to state a claim 'is viewed with disfavor, and is rarely granted.'" *Lone Star Indus., Inc. vs. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992) (quoting *Sosa vs. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)). A Complaint need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may only dismiss a Complaint for failure to state a claim when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554-57 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Although a plaintiff must provide "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Smith v. U.S.*, 561 F.3d 1090, 1104 (10th Cir. 2009). Further, the court must "accept as true all well-pleaded factual allegations in a complaint and view [them] in the light most favorable to the plaintiff." *Id.* at 1098.

4

"[T]echnical fact pleading is not required" and a Complaint must only provide "enough factual allegations for a court to infer potential victory." *Id*. at 1104. This Court has recently explained that "[a] plaintiff is not required to state precisely each element of the claim," and need only "set forth factual allegations, either direct or *inferential*, respecting each material element necessary to sustain recovery under some actionable legal theory. *Internet Archive vs. Shell*, 505 F.Supp.2d 755, 762 (D. Colo. 2007).

### B.      Plaintiffs Do Not Assert a Separate Claim for Failure to Keep Records

As is clear from the Complaint, Plaintiffs do not plead a cause of action, or seek to recover any damages for, Pizza Hut's failure to keep accurate payroll records.[1]  Rather, Plaintiffs allege such failures to show (1) willfulness of Pizza Hut's conduct and (2) Pizza Hut's inability to negate Plaintiffs' showing of damages. Indeed, the allegations of Pizza Hut's failure to maintain accurate payroll records are contained in the "Facts" section of the Complaint. A willful violation of the FLSA extends the statute of limitations to three (3) years.  29 U.S.C. § 255(a).  Evidence of failure to keep records is therefore recognized as admissible and probative for such purposes. *Elwell vs. University Hospitals Care Servs.,* 276 F.3d 832, 843-44 (6th Cir. 2002) (failure to keep records may constitute evidence of willful failure to pay wages in accordance with the FLSA); *Mathis vs. Quicken Loans, Inc.*, 2007 U.S. Dist. Lexis 82923, *27-28 (E.D. Mich. Sept. 7, 2007) (same) (copy attached as "Exhibit 1").

---

[1] This "issue" and others presented by Pizza Hut could have been resolved easily and quickly by simply communicating with Plaintiffs' counsel. Even though the parties exchanged correspondence concerning the pleadings, Pizza Hut did not raise this issue. Had Pizza Hut asked, Plaintiffs would have clearly indicated in writing that no damages are sought for recordkeeping failures.

5

In addition to showing willfulness, when an employer fails to comply with the FLSA's recordkeeping requirements, the employees are entitled to provide proof of their unpaid wages by "just and reasonable inference." *Anderson vs. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946); *Baker vs. Barnhard Constr. Co.,* 146 F.3d 1214, 1220 (10th Cir. 1998) ("The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law."). Plaintiffs plead Pizza Hut's failure to comply with the FLSA's recordkeeping requirements for this reason as well.

Pizza Hut's request to strike these allegations of recordkeeping failures should be denied as such facts are relevant to, and support, the claims pled. Moreover, Pizza Hut's separate argument that Plaintiffs have not pled sufficient facts to support a claim for record-keeping violations is moot given that Plaintiffs do not assert such a claim.

**C.     Plaintiffs Sufficiently Plead a Claim for Failure to Reimburse for Uniform and Special Apparel Purchases, Laundering, Cleaning and Maintenance**

Plaintiffs assert claims under the FLSA and CMWWA for failure to reimburse for uniform and special apparel purchases, laundering, cleaning and maintenance. Plaintiffs expressly and repeatedly plead that they wear uniforms. Compl., ¶¶ 1-3; 14-15, 18, 21, 65-68. In paragraph 66 of the Complaint, Plaintiffs plead, "[d]uring times relevant, Pizza Hut required Plaintiffs and other similarly situated employees to purchase, maintain, clean and wear uniforms and/or special apparel items including black dress pants and restaurant-quality non-slip shoes as conditions of their employments." *Id.*, at ¶ 66.

6

Nevertheless, Pizza Hut complains that Plaintiffs do not specifically plead that the clothing that Pizza Hut requires them to wear at work constitutes a uniform under U.S. Department of Labor guidance, that the circumstances under which reimbursement is required are present, and that the Plaintiffs were required to care for their uniforms. Pizza Hut ignores the Tenth Circuit's holding that pleading of such specific facts is not necessary. *Smith*, 561 F.3d at 1104. Moreover, as stated above, Plaintiffs have in fact specifically pled that Pizza Hut requires them to purchase, maintain, clean and wear uniforms. Compl., ¶¶ 1-3; 14-15, 18, 21, 65-68.

**D.     Pizza Hut Required Plaintiffs to Wear "Uniforms" Within the Meaning of the FLSA and Applicable Regulations**

Pizza Hut next attempts to improperly interject a factual issue regarding whether Plaintiffs wore uniforms. Initially, such an issue of fact is not ripe for adjudication on a motion to dismiss filed at the pleading stage. "Whether certain items of clothing that an employer requires employees to wear at work are considered to be a uniform under FLSA is a question of fact to be decided in the context of a given case." DOL Opinion Letter April 1, 1985 (copy attached as "Exhibit 2-A" of Potashnick Decl.). Further, Pizza Hut ignores relevant precedent and seeks to unfairly parse the various articles of clothing comprising the required uniform in an effort to argue that some such items considered in isolation do not constitute a uniform.

Because discovery has not yet commenced, Pizza Hut's policy containing its specific requirements concerning the type, style, and color of various articles of clothing that plaintiffs must wear is not before the Court. But where an employer prescribes a

specific type and style of clothing to be worn at work, or a distinctive style, color, or quality, such clothing is considered a uniform. See DOL Field Operations Handbook § 30c12(f) (Docket 23-4, p.4); *see also Ayres vs. 127 Restaurant Corp.,* 12 F.Supp.2d 305, 310 (S.D.N.Y. 1998) (a uniform may consist of a white shirt, khakis, black shoes, and black socks purchased by employees together with tie, vest, and apron provided by employer; *Marshall vs. Ferry Point Skilled Nursing Care Facility*, 1986 U.S. Dist. Lexis 16114, *10 (D. Conn. Dec. 22, 1986) (requirement of white clothing, whether it be a pantsuit, skirt with blouse, or dress at discretion of individual employees, created a uniform requirement) (copy attached as "Exhibit 3"); DOL Opinion Letter May 7, 1985 (when employer prescribes specific items and colors of particular clothing items to be worn at work, such clothing constitutes a uniform) (copy attached as "Exhibit 2-B" of Potashnick Decl.).

Further, Pizza Hut requires that its drivers are attired neatly and presentably for its delivery customers. At the same time, the delivery drivers' uniform items require daily washing, at minimum, because their clothing is frequently stained and / or scented by pizza sauce, grease, sweat, etc…. The DOL requires:

> Where employee uniforms <u>require</u> ironing, drycleaning, daily washing, commercial laundering, or other special treatment, because of heavy soiling in work usage or in order to meet cleanliness or appearance standards set by law, by an employer, or by the nature of the work, the employees must, absent documentation of the greater or lesser cost, be reimbursed for uniform maintenance costs which reduce their wages below the MW [minimum wage]…

DOL Field Operations Handbook § 30c12(b) (Docket 23-4, p.2). The drivers are entitled to reimbursement for maintenance, cleaning and laundering under this authority. *Id*. However, Pizza Hut refuses.

Instead of considering its required clothing as a whole, Pizza Hut attempts to consider some of the individual clothing items separately as if each such article of clothing were the only garment required. Pizza Hut relies primarily on FLSA2008-4 and 281 Fair Lab. Standards Handbook for States, Loc. Gov't & Sch. Newsl. 11, which merely hold that "dark-colored shoes" required by an employer do not constitute a uniform. That informal opinion does not examine full outfits required by an employer. This fact issue cannot be decided at this stage.

**E.   Pizza Hut Requires Plaintiffs to Wear "Uniforms" Within the Meaning of the CMWWA**

The CMWWA requires, among other things, "Where the wearing of a particular uniform or special apparel is a condition of employment, the employer shall pay the cost of purchases, maintenance, and cleaning of the uniforms or special apparel." C.R.S.A. § 8-6-101, *et* seq.; 7 CCR § 1103-1. Thus, the CMWWA requires employers to pay costs associated with "special apparel," not just uniforms. Contrary to Pizza Hut's assertion, the CMWWA does not exempt all "ordinary street wear," but rather only exempts "ordinary street wear" when the employer does not require "a special color, make, pattern, logo or material." 7 CCR § 1103-1 § 11. 7 CCR § 1103-1 § 11 provides:

> …clothing accepted as ordinary street wear and the ordinary white or any light colored plain and washable uniform need not be furnished by the employer unless a special color, make, pattern, logo or material is required.

9

When discovery commences, Plaintiffs will prove that Pizza Hut's uniform policy for delivery drivers satisfies the legal requirements of a "uniform," including the requirement of this regulation. More detailed fact pleading is simply not required.

**F.     Plaintiffs' Complaint is Sufficiently Definite and Certain**

Pizza Hut's last argument is that it is unable to determine whether Plaintiffs allege claims for failure to reimburse for uniform expenses in their FLSA claim (Count I). The Complaint, however, obviously reveals that Plaintiffs seek recovery of uniform-related expenses in the FSLA count. Compl., ¶¶ 14-19, 37, 47. The phrase "other job-related expenses" is defined in paragraph 14 of the Complaint to include "uniform and special apparel purchases, laundering, cleaning and maintenance, cellular telephone charges, and purchases of flashlights, batteries and maps." Compl., ¶ 14. Paragraph 19 alleges, "As a result of the automobile and other job-related expenses incurred by Plaintiffs and others similarly situated, they were deprived of the minimum wage guaranteed to them by the FLSA and Colorado law." Compl., ¶ 19. These allegations are expressly incorporated in the FLSA claim. Compl., ¶ 37. Recovery of "the difference between the minimum wage and actual wages received after deduction for job-related expenses" is sought in paragraph 47 of Count I of the Complaint.

**G.     Leave to Amend Should be Granted if Necessary**

Although Plaintiffs believe their Complaint is sufficient, leave to amend should be granted if this Court deems the Complaint inadequate in any way. *See, e.g., Ricotta vs. Finance America, LLC*, 2007 U.S. Dist. Lexis 24387, *17 n.7 (D. Colo. Apr. 2, 2007) ("Ordinarily" a granting of a motion to dismiss for failure to state a claim under Fed. R.

10

Civ. P. 12(b)(6) should also grant leave to replead any of the deficient claims if the plaintiff requests.") (copy attached as "Exhibit 4").  For such reason only, Plaintiffs respectfully request leave to amend should this Court deem their Complaint insufficient in any way.

## IV.  CONLUSION

For the reasons stated herein, Plaintiffs' Complaint easily satisfies the lenient notice-pleading standard.  Plaintiffs have clearly stated valid causes of action against Pizza Hut for failure to pay minimum wage and reimburse expenses, and Pizza Hut's motion to dismiss or for more definite statement should be denied.  Alternatively, this Court should grant leave to replead if it determines any deficiency in Plaintiffs' Complaint.

Dated:  September 10, 2009

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
 /s/ Richard Paul
George A. Hanson
Richard M. Paul III
Jack D. McInnes
460 Nichols Road, Suite 200
Kansas City, Missouri  64112
Telephone:  (816) 714-7100
Facsimile:   (816) 714-7101

and

                         **WEINHAUS & POTASHNICK**
                         Mark A. Potashnick
                         11500 Olive Blvd., Suite 133
                         St. Louis, Missouri 63141
                         Telephone: (314) 997-9150
                         Facsimile: (314) 997-9170

                         **ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James M. Lyons
S. Kato Crews
ROTHGERBER JOHNSON & LYONS LLP
1200 17th Street, Suite 3000
Denver, CO 80202
Email: jlyons@rothgerber.com
        kcrews@rothgerber.com

Layn R. Phillips
Andra Barmash Greene
IRELL & MANELLA LLP
840 Newport Center Dr., Suite 400
Newport Beach, CA 92660
Email: lphillips@irell.com
        agreebe@irrell.com

ATTORNEYS FOR DEFENDANT

                                 /s/ Richard M. Paul III
                        Attorney for Plaintiffs