IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  09-cv-01632-CMA-BNB

MARK SMITH, individually and on behalf
of other similarly situated persons,

Plaintiff,

v.

PIZZA HUT, INC.,

Defendant.
_____

## ORDER
_____

This matter arises on **Pizza Hut's Partially Unopposed Motion to Modify and Clarigy the Scheduling Order** [Doc. # 50, filed 10/14/2009] (the "Motion").  The Motion requests that the case schedule be modified to postpone class notice of the collective action until after the plaintiffs' file a motion for conditional certification of the action and there is a ruling conditional certifying a collective action.  The parties also request that I clarify the expert discovery cut-off and the dispositive motion deadline.  I held a hearing on the Motion this afternoon and made rulings on the record, which are incorporated here.

In setting the case schedule, I relied on Thiessen v. General Electric Capital Corp., 996 F. Supp. 2d 1071 (D. Kan. 1998).  The judge in that case reported the procedural history as follows:

> On May 2, 1997, the court held a scheduling conference during which counsel for Mr. Thiessen announced their intention to sent notices to potential plaintiffs for purposes of proceeding as a collective action under § 216(b).

> Accordingly, the court established a deadline of August 1, 1997 for potential plaintiffs to file "opt-in" request forms. . . .
>
> Mr. Thiessen now moves the court to join the opt-in plaintiffs and certify the action as a collective action under 29 U.S.C. § 216(b). Counsel for Mr. Thiessen did not seek conditional certification of the proposed group prior to sending out notice to potential plaintiffs. Thus, Mr. Thiessen's motion marks the first opportunity the court has had to address the certification issue.

Id. at 1073 (internal footnotes omitted). The Tenth Circuit Court of Appeals found no error in the approach adopted by the district court. See Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001).

The plaintiff conceded at argument on the Motion, however, that the procedure utilized in Thiessen is not the norm. The majority approach was applied in this district in Vaszlavik v. Storage Technology Corp., 172 F.R.D. 672 (D. Colo. 1997), where the court explained:

> Before a similarly situated employee can become a party plaintiff, he or she must file a written consent with this court. 29 U.S.C. § 216(b). Upon certification of a collective action, the named plaintiffs and their counsel may contact potential members of the class by sending them court-approved notice and consent forms. In addition, plaintiffs are entitled to specific discovery to determine the names and addresses of the putative class members.

Id. at 681-82 (internal citations omitted except as noted; emphasis added). Accord Baldozier v. American Family Mutual Ins. Co., 375 F. Supp. 2d 1089, 1093 (D. Colo. 2005)(finding that "initial certification of this action is appropriate for purposes of sending notice to potential class members").

I am persuaded that the Vaszlavik and Baldozier cases embody the better practice of requiring conditional certification of the collective action prior to allowing notices to be sent to potential collective action class members.

IT IS ORDERED that the Motion is GRANTED. The case schedule is modified to the following extent:

(1) The deadline for plaintiffs to submit to defendants a proposed notice of action and to opt-in (October 21, 2009); deadline for defendants to submit to plaintiffs proposed modifications to the notice of action and to opt-in (November 4, 2009); deadline to file proposed notice of action and to opt-in (November 18, 2009); and deadline for collective action plaintiffs to opt-in (February 19, 2010) are VACATED;

(2) The status conferences set for December 15, 2009, and January 12, 2010, are VACATED; and

(3) The deadline to file motion to conditionally certify collective action of April 20, 2010, is VACATED and RESET to **January 4, 2010**.

IT IS FURTHER ORDERED that the parties shall address the content of any notice of action and to opt-in and a deadline for opting-in in their briefs concerning conditional certification.

IT IS FURTHER ORDERED that in order to clarify the uncertainty, the expert discovery cut-off is August 20, 2010, and the dispositive motion deadline is September 20, 2010.

Dated November 16, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge