IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  09-cv-01632-CMA-BNB

MARK SMITH, individually and on behalf
of other similarly situated persons,

Plaintiffs,

v.

PIZZA HUT, INC.,

Defendant.
_____

# ORDER
_____

This matter arises on the **Plaintiff's Motion to File Confidential Exhibits Under Restriction Level 1** [Doc. # 344, filed 3/21/2013] (the "Motion").

A blanket protective order was entered in this case to facilitate the discovery of confidential business information.  Protective Order [Doc. # 40].  Subsequently, the plaintiffs filed a Motion to Compel [Doc. # 342] which is supported by exhibits composed of documents disclosed by the defendant during discovery and marked as confidential under the terms of the Protective Order.  See Plaintiffs' Motion to Compel [Doc. # 342].  The plaintiff seeks to restrict access to 79 pages of material.  I have reviewed the material sought to be restricted, and it is apparent that the bulk of it is not confidential at all.

The sole argument offered in support of the Motion is:

> Plaintiffs have filed their Motion to Compel, which relies in part
> on several documents that Pizza Hut has designated "Confidential"
> pursuant to the Court's Protective Order (Doc. 40).  Without taking
> a position as to whether Pizza Hut properly designated the
> documents as Confidential, Plaintiff seeks to restrict access to

>   them pursuant to Pizza Hut's designations under the Court's
>   Protective Order.

Motion [Doc. # 344] at p. 1.

The argument is obviously inadequate to support an order restrict access. In particular, D.C.COLO.LCivR 7.2 governs motions to restrict access and provides in relevant part:

>   **A. Policy.** The public shall have access to all documents filed with the court and all court proceedings, unless restricted by court order or as provided in Section D of this rule.
>
>   **B. Motions to Restrict Access.** Any motion to restrict public access will be open to public inspection and must:
>
>   1. Identify the document or the proceeding for which restriction is sought;
>
>   2. Address the interest to be protected and why such interest outweighs the presumption of public access (**stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access**);
>
>   3. Identify a clearly defined and serious injury that would result if access is not restricted;
>
>   4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>   5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

(Emphasis added.) As stated expressly in D.C.COLO.LCivR 7.2B(2), "stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access." (Emphasis added.)

Where, as here, the party filing material does not intend to support the claim for restricted

access, the proper procedure is established in D.C.COLO.LCivR 7.2D:

> **Filing Restricted Documents.** Any document that is the subject of a motion to restrict access may be filed as a restricted document, and will be subject to restriction until the motion is determined. **If a document is filed as a restricted document without an accompanying motion to restrict access, it will retain a Level 1 restriction for fourteen days. If no motion to restrict access is filed within such time period, the access restriction will expire and the document will be open to public inspection.**

(Emphasis added.) Under this provision, the burden shifts to the party claiming that the material is appropriate for restricted access (here, the defendant) to file a supporting brief. If no such brief is filed within the time allowed, the material becomes open to public inspection.

IT IS ORDERED:

(1)     The Motion [Doc. # 344] is DENIED; and

(2)     The materials filed subject to restriction [Doc. ## 345-1; 345-2; 345-3; 345-4; 345-5; 345-6; 345-7; 345-8; 345-9; 345-10; 345-11; 345-12; and 345-13] shall remain Restricted Level 1 until the later of the following: (a) April 30, 2013, or (b) further order of the court, in the event a motion to restrict access to these materials is filed pursuant to D.C.COLO.LCivR 7.2D.

Dated April 23, 2013.

                                           BY THE COURT:

                                           s/ Boyd N. Boland
                                           United States Magistrate Judge